IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIENA OLGUIN a/k/a RINA OLGUIN,

    Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　　Civ. No. 22-340 JHR/SCY

ALLSTATE INSURANCE COMPANY,

    Defendant.

## ORDER TO AMEND NOTICE OF REMOVAL

    This matter comes before the Court sua sponte, following its review of the Notice of Removal filed by Defendant Allstate Insurance Company on May 4, 2022. Doc. 1. Defendant removed this action to federal court citing diversity jurisdiction. *Id.* ¶ 6. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court concludes that the notice of removal fails to allege the necessary facts in order to sustain diversity jurisdiction.

    Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014).

    In this case, Defendant alleges in the notice of removal that complete diversity exists because Plaintiff states she is a resident of Belen, Valencia County, New Mexico. Doc. 1 ¶ 3

(citing Complaint ¶ 1). Residency is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. See *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, a notice of removal that alleges only "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *See McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases).

The Court will give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

**IT IS THEREFORE ORDERED** that Defendant amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than May 26, 2022.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by May 26, 2022, the Court may remand this action back to state district court.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**